UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ALEJANDRO MARIN,<br>Petitioner,<br>v.<br>THOMAS P. GILES, et al.,<br>Respondents. | Case No. 2:26-cv-13115 ADS<br><br>ORDER DISMISSING PETITION FOR LACK OF JURISDICTION |

## I. INTRODUCTION

Petitioner Daniel Alejandro Marin filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), seeking an injunction preventing future immigration detention. (Dkt. No. 1.) Petitioner also filed an Ex Parte Application for Temporary Restraining Order ("TRO Application"). (Dkt. No. 2.)

## II. SUMMARY OF PETITION AND TRO APPLICATION

On July 22, 2026, the Court ordered Petitioner's release from immigration detention. (Dkt. No. 1 at 10-11.) According to the Petition, Petitioner was then released

on recognizance ("OREC"). (Dkt. No. 1 at 13.) On October 27, 2026, the BIA affirmed Petitioner's order of removal. (Dkt. No. 1 at 26.) On November 9, 2026, Petitioner alleges he sent an overnight petition for review of his removal order with the Ninth Circuit. (Dkt. No. 1 at 4.)

Petitioner has received notice to attend an immigration check-in on November 11, 2026. (Dkt. No. 1 at 29.) The Petition appears to be premised on Petitioner's concern that Petitioner will be detained by immigration officials at this check-in. (Dkt. No. 1 at 5-7.) Petitioner is not currently in immigration detention. (Dkt. No. 1 at 4.)

## III. DISCUSSION

Petitioner seeks habeas corpus relief in the form of an injunction against future immigration detention. (Dkt. No. 1 at 5-7.) Federal courts only have jurisdiction to grant writs of habeas corpus to individuals "in custody." 28 U.S.C. § 2241(c); see Veltmann-Barragan v. Holder, 717 F.3d 1086, 1087 (9th Cir. 2013). The "in custody" requirement may be met by physical imprisonment, but also by "restraints not shared by the public generally." Jones v. Cunningham, 371 U.S. 236, 240 (1963). However, the "in custody" requirement has never been construed to encompass a situation where a habeas petitioner suffers no present restraint. Maleng v. Cook, 490 U.S. 488, 492 (1989). In Maleng, the habeas petitioner was serving a federal sentence when the petition for habeas corpus relief was filed. Id. at 492. The Supreme Court held that the hypothetical possibility that a prior conviction could be used to enhance the sentence in a future conviction did not meet the "in custody" requirement. Id. at 492.

Here, Petitioner is not "in custody" because the detention Petitioner challenges is merely hypothetical. Petitioner contends that his possible future re-detention will violate due process. (Dkt. No. 1 at 5-7.) Petitioner is required to attend an immigration

check-in on November 11, 2026, but Petitioner has not alleged a basis for the Court to conclude he will be re-detained at this check-in. (Dkt. No. 1 at 29.) As the Supreme Court explained in Maleng, this hypothetical possibility of future restraint is not sufficient to meet the "in custody" jurisdictional requirement of 28 U.S.C. § 2241. 490 U.S. at 492. Further, because Petitioner is not currently in immigration detention and does not challenge any present restraint on his liberty, he is not "in custody" and the Court lacks the jurisdiction to issue injunctive relief to prevent future physical confinement. See D.E.M. v. Santa Cruz, No. 2:26-CV-01763-CV (ADS), 2026 WL 638645, at *3 (C.D. Cal. Feb. 27, 2026) (concluding the same); see also Finley-Carminer v. Sacramento Cnty. Sheriff, No. 2:25-CV-2789 DAD CSK P, 2025 WL 3463045, at *2 (E.D. Cal. Dec. 2, 2025), report and recommendation adopted, 2026 WL 2554814 (E.D. Cal. Aug. 28, 2026) (same). The Petition must be dismissed for lack of jurisdiction.

## IV. CONCLUSION

Accordingly, it is hereby ORDERED:

(1) The Petition is dismissed due to lack of jurisdiction;

(2) The TRO Application (Dkt. No. 2) is denied; and

(3) Judgment will be entered accordingly.

Dated: November 10, 2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge